[No. B050637. Second Dist., Div. Six. May 21, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS LAWRENCE McKELVEY III, Defendant and Appellant.

COUNSEL

Glen Durfee, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Donald de Nicola and Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, J.**—Defendant Thomas L. McKelvey III appeals a judgment of conviction of neglect of a dependent adult. (Pen. Code,[1] § 368.) We affirm and hold section 368 provided fair warning of the conduct it prohibits as to defendant.

## FACTS

Dolores McKelvey, a multiple sclerosis victim, lived at home with her daughter Theresa and her son, the defendant. Mrs. McKelvey was paralyzed and unable to walk or use a wheelchair. Theresa cared for Mrs. McKelvey's personal hygiene, and defendant cooked and maintained the family home. On November 28, 1988, Theresa permanently left home because her mother's care "overwhelmed" her. She informed her mother she was leaving.

Four days later defendant summoned emergency assistance for his mother. A fireman responding to the call testified he discovered Mrs. McKelvey in a

---

[1]All statutory references are to the California Penal Code.

hospital bed lying in excrement from her ankles to her shoulders. Maggots, ants and other insects crawled upon her. She had sores on her legs and complained of the insect bites. Her skin flaked when he brushed the insects away. The house strongly smelled of excrement.

Mrs. McKelvey appeared mentally alert, however, and asked not to be moved because she was in pain. The paramedics decided she required hospital attention and drove her to an emergency room.

Four days later Mrs. McKelvey died from heart failure due to multiple sclerosis, malnutrition, infections and neglect. A pathologist testified Mrs. McKelvey suffered from pressure sores, kidney and leg infections, dehydration, malnutrition, and bone fractures of the femur, pelvis and ribs due to osteoporosis. He opined the circumstances of her neglect were sufficient to cause great bodily harm or death.

The prosecutor charged Theresa and defendant with neglect of a dependent adult.[2] At trial Theresa testified she attended to her mother's personal hygiene until she was defeated by her mother's needs and left home. She stated defendant complained, " 'It's not my job' " during past arguments concerning Mrs. McKelvey's needs.

Defendant testified he did not care for his mother's personal hygiene due to their mutual embarrassment. He cooked for and fed her, and Theresa attended to her cleanliness. He added his mother could change her own diapers, and he would provide her with clean ones as needed. Despite her illness, defendant described Mrs. McKelvey as alert and in charge of the household. He expressed surprise and distress upon learning of her condition the day he summoned emergency assistance.

After a court trial, the trial judge convicted defendant of neglect of a dependent adult.[3] He expressly found "overwhelming" evidence defendant was responsible for his mother's care and allowed her to suffer and become injured. He sentenced defendant to one-third the midterm of three years to be

[2] Section 368, subdivision (a) provides: "Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any elder or dependent adult, with knowledge that he or she is an elder or a dependent adult, to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any elder or dependent adult, willfully causes or permits the person or health of the elder or dependent adult to be injured, or willfully causes or permits the elder or dependent adult to be placed in a situation such that his or her person or health is endangered, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison for two, three, or four years."

[3] Theresa pleaded guilty to this charge. This appeal does not concern her conviction and sentence.

served consecutively to an unrelated conviction of driving under the influence. On appeal defendant contends 1) the first clause of section 368 is unconstitutionally vague, and 2) insufficient evidence supports his conviction.

## DISCUSSION

### I.

■ Defendant contends the trial court convicted him of violating this clause of section 368: "Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully . . . permits any . . . dependent adult, with knowledge that . . . she is . . . a dependent adult, to suffer . . . ." He argues this clause is unconstitutional because it does not afford fair warning to the class of actors falling within its reach. He asserts the clause is sufficiently broad to include visitors or bystanders who permit a dependent adult to suffer.

The prosecutor charged defendant with violating all clauses of section 368. The trial court concluded defendant was " 'responsible' . . . for the care of his mother [and] knowingly allowed her . . . to suffer and to become injured." This statement indicates defendant violated the first clause and the second clause of section 368. (Fn. 2, *ante.*) (The second and third clauses of section 368 proscribe abuse or neglect by those "having the care or custody" of the victim.)

■ The constitutional commands of due process require that all citizens receive fair notice of potentially criminal conduct. (*Walker* v. *Superior Court* (1988) 47 Cal.3d 112, 141 [253 Cal.Rptr. 1, 763 P.2d 852].) A statute must be sufficiently definite to provide standards for those whose acts are proscribed as well as those who enforce the law and determine guilt. (*Ibid.*; *People* v. *Superior Court (Holvey)* (1988) 205 Cal.App.3d 51, 58-59 [252 Cal.Rptr. 335]—the second clause of section 368 affords fair warning of prohibited behavior.) In reviewing a statute challenged for vagueness, courts focus upon defendant's act rather than hypothetical or conceivable acts falling within the statute. (*People* v. *Smith* (1984) 35 Cal.3d 798, 810 [201 Cal.Rptr. 311, 678 P.2d 886]—similarly worded child abuse statute is constitutional; *People* v. *Nguyen* (1984) 161 Cal.App.3d 687, 692-693 [207 Cal.Rptr. 870].)

■ When drafting section 368, the Legislature commendably displayed concern for the elderly and the dependent. Regrettably it displayed indifference to clarity. The second clause of section 368 is clear. It punishes those

responsible for the custody or care of a dependent adult, who allow or cause the dependent adult to become injured.

The first clause of section 368 is uncertain. It does not describe those persons liable for permitting or causing a dependent adult to suffer. The clause appears to include within its reach any and all persons.

Nevertheless, the uncertainty as to the first clause is of no help to defendant. The trial court decided he was responsible for his mother's care. He was therefore included within the first as well as the second clause of section 368. We therefore need not review the statute further to decide whether a visitor or bystander would also be criminally liable. (*People* v. *Smith, supra,* 35 Cal.3d 798, 810.)

II.

▆▆ Defendant argues insufficient evidence supports the trial court's findings he had care of his mother and permitted her to suffer and become injured. He points out Theresa was responsible for his mother's cleanliness, and his mother refused to permit him to care for her hygiene. He adds his mother was alert and in command of the household and had a telephone beside her bed. She could have summoned assistance, he contends, had she been suffering.

▆▆ In determining the sufficiency of evidence to support a criminal conviction, the reviewing court must decide whether a rational trier of fact could have found defendant guilty beyond a reasonable doubt. (*People* v. *Hernandez* (1988) 47 Cal.3d 315, 345 [253 Cal.Rptr. 199, 763 P.2d 1289].) In this task, the court must view the evidence most favorably to the judgment and assume the existence of every fact the trier of fact reasonably could deduce from the evidence. (*Ibid.*) It is the sole province of the trial judge or jury to determine the credibility of witnesses. (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110].) The reviewing court may not substitute its views for those of the trier of fact if the evidence justifies the conviction. (*People* v. *Bean* (1988) 46 Cal.3d 919, 933 [251 Cal.Rptr. 467, 760 P.2d 996].)

▆▆ The deplorable condition in which emergency medical persons discovered Mrs. McKelvey belies defendant's contentions that she was in charge of the household, could summon assistance if necessary and could request clean diapers as needed. Theresa had been absent from the residence for four days, and the only reasonable inference from the evidence is that Mrs. McKelvey had no hygienic care during that time. Moreover, defendant was the only physically able, competent adult in the household after Theresa

left.[4] As such, he was responsible for the care of his paralyzed, incapacitated mother, including her cleanliness.

A pathologist testified at trial the circumstances of Mrs. McKelvey's neglect were sufficient to cause great bodily harm or death. These included urinary and kidney infections, leg infections from insects, and skin burns from urine and excrement. These conditions, added to her malnourished and dehydrated state due to multiple sclerosis, led to her death. Sufficient evidence supports the trial court's implied finding that defendant's conduct was a gross or culpable departure from the ordinary standard of due care and was criminally negligent within section 368. (*People* v. *Superior Court (Holvey)*), supra, 205 Cal.App.3d 51, 60.)

Accordingly, the judgment is affirmed.

Stone (S. J.), P. J., and Yegan, J., concurred.

---

[4]Defendant's senile, 88-year-old grandmother also lived in the household.